**Daisy Benson, Administratrix, Appellee, v. Chicago City Railway Company et al., Appellants.**

**Gen. No. 6,455-6,467.   (Not to be reported in full.)**

Appeal from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed November 28, 1917.

## Statement of the Case.

Action by Daisy Benson, administratrix of the estate of Martin L. Benson, deceased, plaintiff, against Chicago City Railway Company, Chicago Railways Company, Calumet & South Chicago Railway Company and the Southern Street Railway Company, corporations, operating as Chicago Surface Lines, and Consumers Company, a corporation, defendants, to recover damages for the death of plaintiff's intestate from injuries received in a street car collision. From a judgment for plaintiff for $10,000, defendants separately appeal, appeals being consolidated.

FRANKLIN B. HUSSEY and CHARLES LE ROY BROWN, for appellants Chicago Surface Lines; JOHN R. GUILLIAMS, of counsel.

COOKE, POPE & POPE and ZIMMERMAN, GARRETT & RUNDALL, for appellant Consumers Company.

Benson v. Chicago City Ry. Co., 208 Ill. App. 613.

RALPH J. DADY and MORSE IVES, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 476*—*when evidence shows negligence of motorman and driver of wagon colliding.* In an action by a street car passenger for injuries received in a collision between the street car and a wagon, evidence *held* sufficient to warrant a finding that both defendants were negligent and that the collision between their street car and wagon whereby plaintiff's intestate was injured was due to the concurrent negligence of both, the driver of the wagon being negligent in driving on the car track on which the street car was approaching, which he saw and knew was coming, and the motorman in not stopping his car in sufficient time to avoid the collision after he had seen the wagon on the track.

2. CARRIERS, § 489*—*when instruction on right of driver of wagon to drive on track is correct.* In an action by a street car passenger against a street railroad company and the owner of a wagon to recover for injuries received in a collision, an instruction to the effect that the defendant's driver had the right to drive upon the street car tracks if in driving upon the same he was in the exercise of ordinary care for the safety of the person and property of others, *held* to be correct.

3. CARRIERS, § 489*—*when instruction on negligence of driver of wagon in driving on track is correct.* In an action by a street car passenger against a street railroad company and the owner of a wagon to recover for injuries sustained in a collision, an instruction to the effect that the mere driving of a horse and wagon northward on the southbound tracks of a street railway was not negligence as a matter of law, but that the question of negligence involved under such circumstances was one of fact for the jury to decide from all the evidence in the case, *held* to be correct.

4. CARRIERS, § 489*—*when instructions on negligence of driver of wagon in driving on car tracks are not conflicting.* An instruction to the effect that the mere driving of a horse and wagon northward on the southbound track of a street railway was not negligence as a matter of law, but that the question of negligence under such circumstances was one of fact for the jury, *held* not to conflict with an instruction that if the jury believed from the evidence that, as a matter of fact, the driver violated a city ordinance

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

by so driving and that such violation was the sole proximate cause of the injury in question, the violation was prima facie negligence.

5. INSTRUCTIONS, § 41*—*when instruction on functions of jury is proper.* An instruction that the jury are to judge questions of fact under the instructions of the court and from the evidence in the case is proper, notwithstanding it also tells the jury they were the sole judges of questions of fact.

6. APPEAL AND ERROR, § 450*—*when error concerning the admission of evidence may not be complained of.* A party is not in position to raise on appeal any question of error concerning the admission of evidence not objected to when it was introduced on the trial.

7. CARRIERS, § 489*—*when instruction on superior right of way of street car over other vehicles is immaterial.* An instruction that a street railway company has a superior right of way over other vehicles concerning that portion of the street occupied by its tracks at points other than street intersections, had no material effect upon the real issue presented, in an action against the company and the owner of a wagon to recover damages for death of a passenger in the street car, due to a collision between the company's street car and the wagon.

8. APPEAL AND ERROR, § 1544*—*when giving of erroneous instruction is harmless error as to codefendant.* In an action by a passenger in a street car against the railroad company and the owner of a wagon to recover for injuries received in a collision, the giving of an instruction at the instance of one defendant presenting his version of the case but not that of the plaintiff upon which he claimed a right of recovery, either under his allegations or proof, was not reversible error as to a codefendant, if erroneous, and did not militate against plaintiff's right of recovery.

9. DEATH, § 48*—*when evidence as to teaching given children by decedent is admissible.* Evidence that plaintiff's decedent taught his children obedience and courtesy and to be industrious, and that he taught them the Lord's Prayer, was competent on the question of damages, in an action to recover, damages for personal injuries resulting in death of the decedent.

10. DEATH, § 67*—*when verdict is not excessive.* A judgment for $10,000 for death *held* not excessive, where plaintiff's intestate was 35 years old at time of death, in good health, and a man of industrious and frugal habits, earning regularly $72 a month as elevator operator and extra money by odd jobs as plumber, and devoting his earnings to the support of his wife and two children and payment for a home, and who looked to the education and religious and moral training of his children.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

11. DEATH, § 48*—*what damages are recoverable for death of father and husband.* Damages are allowable, in an action to recover same for death due to negligence, which are sufficient to fully compensate for the pecuniary loss sustained by the decedent's wife and children in consequence of his death, and in such sum as he would probably have earned by his intellectual or bodily labor at his business, profession or trade during the residue of his probable life and which would have gone for the benefit of his wife and children.

12. DEATH, § 48*—*what considered as elements of pecuniary damage in estimating damages for negligent.* In estimating damages, recoverable on account of death from negligence, the decedent's age, business capacity, ability and disposition to labor and his habits of living, and in addition thereto the value of a father's services in his attention to and superintendence of his children and family and in their education, of which they are deprived by his death, may be considered as elements of pecuniary damage.

13. DEATH, § 67*—*when damages for negligent not excessive on ground alone of loss of benefit of earnings of decedent.* A judgment for $10,000 *held* not excessive on the ground alone of the loss of the benefit of the earnings of decedent during the probable period of his life, in an action to recover damages for the death from negligence of a man 35 years old, in good health, of industrious and frugal habits, earning regularly $72 a month and extra money by odd jobs as plumber, which were devoted to the support of his wife and two children and payment for a home.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.